Dale C. Campbell, State Bar No. 99173
James Kachmar, State Bar No. 216781
W. Scott Cameron, State Bar No. 229828
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs
The Morning Star Packing Company,
Liberty Packing Company, LLC, California
Fruit & Tomato Kitchens, LLC, and
The Morning Star Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MORNING STAR PACKING COMPANY, a California limited partnership; LIBERTY PACKING COMPANY, LLC, a California limited liability company; CALIFORNIA FRUIT & TOMATO KITCHENS, LLC, a California limited liability company; and THE MORNING STAR COMPANY, a California corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>SK FOODS, L.P., a California limited partnership; SCOTT SALYER, an individual; RANDALL RAHAL, an individual; INTRAMARK USA, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:09-CV-00208 MCE-EFB<br><br>STIPULATION AND ORDER CONTINUING THE HEARING DATE ON DEFENDANTS SK FOODS, L.P.'S AND SCOTT SALYER'S MOTION TO DISMISS AND RELATED MATTERS |

/ / /

/ / /

///

Plaintiffs The Morning Star Packing Company, Liberty Packing Company, LLC, California Fruit & Tomato Kitchens, LLC, and The Morning Star Company (collectively, "Plaintiffs") and defendants SK Foods, L.P. ("SK") and Scott Salyer ("Salyer") (collectively, "Defendants"), by and through their counsel of record, hereby submit the following Stipulation and Proposed Order to continue the hearing on SK's and Salyer's motion to dismiss. Defendants Randall Rahal and Intramark USA, Inc. (collectively "Rahal") and the Intervener the United States of America ("Government") consent to this stipulation.

WHEREAS, Plaintiffs filed a Complaint in the above-captioned case on January 22, 2009;

WHEREAS, SK filed a motion to dismiss Plaintiffs' complaint on April 8, 2009, which is set for hearing on June 25, 2009;

WHEREAS, Salyer filed a joinder in SK's motion to dismiss on April 8, 2009;

WHEREAS, on April 14, 2009, this Court entered an order regarding an extension of time for defendants Randall Rahal and Intramark USA, Inc. to respond to the complaint up to and including ten (10) days following the Court's ruling on SK's and Salyer's pending motion to dismiss or, if appropriate, within the timeframe permitted by the Federal Rules of Civil Procedure responding to an amended complaint, should an amended complaint be filed by Plaintiffs. That order shall remain in effect and shall apply to the continued hearing date;

WHEREAS, on April 28, 2009, the parties to this litigation lodged a Stipulation and [Proposed] Order Regarding Modification of the Order Requiring Joint Status Report requesting a modification to the scheduling order such that the Joint Status Report would be due no later than 30 days following either the denial of the Government's motion to intervene or, if the motion to intervene was granted, the resolution of the anticipated motion by the Government to stay or otherwise limit discovery in this matter. The Court has not yet acted upon that stipulation

and there has been no resolution of the discovery issues;

WHEREAS, the Court granted the United States' motion to intervene on May 5, 2009;

WHEREAS, an involuntary bankruptcy proceeding was filed against SK on May 5, 2009 (United States Bankruptcy Court, Eastern District of California Case No. 09-28956-D-11).  SK filed a voluntary bankruptcy petition on May 7, 2009 (United States Bankruptcy Court, Eastern District of California Case No. 09-29162-D-11).  Notice of the automatic stay was filed in this Court on May, 11, 2009;

WHEREAS, on May 18, 2009, the Bankruptcy Court approved the appointment of Bradley D. Sharp as Chapter 11 Trustee for SK.  Any reference herein to SK after May 18, 2009 is a reference to the Chapter 11 Trustee;

WHEREAS, prior to the bankruptcy filing, the Government initiated meet-and-confer conferences with counsel for Plaintiffs and counsel for defendants (except Salyer) regarding a proposed stipulation regarding a limited stay of discovery.  However, counsel for Salyer was inadvertently omitted from the conference calls and did not participate.  There have been no further discussions concerning a limited stay of discovery in light of the bankruptcy's automatic stay;

WHEREAS, the automatic stay impacts Plaintiffs' ability to fully respond to the motion to dismiss, including the possibility of filing an amended complaint in lieu of an opposition.  Counsel for Plaintiffs, SK and Salyer have discussed this situation and agree that, at this time, it is appropriate to continue the hearing date on the motion to dismiss for 90 days to allow the bankruptcy trustee to get fully apprised of all issues related to the bankruptcy, including pending litigation, and for Plaintiffs to seek any necessarily relief from the bankruptcy court necessary to respond to the motion to dismiss;

WHEREAS, counsel for Plaintiffs, SK, Salyer, Rahal, and the Government have agreed that, during the 90-day continuance of the hearing date, no party will initiate discovery.  This stipulation addresses the Government's concerns and

avoids any unnecessary motions by the Government to attempt to address this issue at this time.

THEREFORE, Plaintiffs, SK, Salyer, Rahal, and the Government, by and through their counsel of record, hereby stipulate as follows:

1. The hearing on SK's and Salyer's motion to dismiss currently set for June 25, 2009, is continued to September 24, 2009. Plaintiffs' opposition or other response to the pending motion shall be filed in accordance with the Federal Rules of Civil Procedure;

2. All discovery in this action shall be stayed until September 24, 2009, or until the Court rules on the motion to dismiss, whichever is later; and

3. The Joint Status Report in this matter will be due no later than thirty (30) days following the resolution of the Government's request to stay or otherwise limit discovery, either by stipulation or by motion.

IT IS SO STIPULATED.

Dated:  June 9, 2009                WEINTRAUB GENSHLEA CHEDIAK
                                    Law Corporation


                                    By:        /s/ - Dale C. Campbell
                                        Dale C. Campbell
                                        Attorneys for Plaintiffs
                                        The Morning Star Packing Company,
                                        Liberty Packing Company, LLC,
California
                                        Fruit & Tomato Kitchens, LLC, and
                                        The Morning Star Company

Dated:  June 9, 2009                SCHNADER HARRISON SEGAL & LEWIS LLP


                                    By:        /s/ - Gregory C. Nuti
                                        Gregory C. Nuti
                                        Attorneys for Bradley Sharp,
                                        Chapter 11 Trustee for Defendant/Debtor
                                        SK Foods, L.P.

{1124241.DOC;}                4     Revised Stip. and [Proposed] Order Continuing Hrg. Date re SK's and Salyer's Motion to Dismiss

| | | |
|---|---|---|
| 1 | Dated: June 9, 2009 | SEGAL & KIRBY LLP |
| 2 | | |
| 3 | | By: _____/s/ - Malcolm S. Segal_____ |
| | | Malcolm S. Segal |
| 4 | | Attorneys for Defendant Scott Salyer |
| 5 | Dated: June 9, 2009 | WALDER HAYDEN & BROGAN, P.A. |
| 6 | | By: _____/s/ - Christopher D. Adams_____ |
| 7 | | Christopher D. Adams (*pro hac vice*) |
| 8 | | Attorneys for Defendants Randall Rahal and |
| 9 | | Intramark, USA, Inc. |
| 11 | DATED: June 11, 2009 | |

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dated: June 9, 2009 | UNITED STATES |
| | By: /s/ - Lawrence G. Brown |
| |     Lawrence G. Brown |
| |       Acting United States Attorney |
| |     Benjamin B. Wagner |
| |     Sean C. Flynn |
| |       Assistant U. S. Attorneys |
| |     Barbara Nelson |
| |     Richard Cohen |
| |     Lara Kroop |
| |       Trial Attorneys |
| |       United States Department of Justice |
| |       Antitrust Division |

### ORDER

IT IS SO ORDERED.

Dale C. Campbell, State Bar No. 99173
James Kachmar, State Bar No. 216781
W. Scott Cameron, State Bar No. 229828
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs
The Morning Star Packing Company,
Liberty Packing Company, LLC, California
Fruit & Tomato Kitchens, LLC, and
The Morning Star Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MORNING STAR PACKING COMPANY, a California limited partnership; LIBERTY PACKING COMPANY, LLC, a California limited liability company; CALIFORNIA FRUIT & TOMATO KITCHENS, LLC, a California limited liability company; and THE MORNING STAR COMPANY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SK FOODS, L.P., a California limited partnership; SCOTT SALYER, an individual; RANDALL RAHAL, an individual; INTRAMARK USA, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:09-CV-00208 MCE-EFB<br><br>STIPULATION AND ORDER CONTINUING THE HEARING DATE ON DEFENDANTS SK FOODS, L.P.'S AND SCOTT SALYER'S MOTION TO DISMISS AND RELATED MATTERS |

/ / /

/ / /

{1124241.DOC;}   1

Revised Stip. and [Proposed] Order Continuing
Hrg. Date re SK's and Salyer's Motion to Dismiss

///

Plaintiffs The Morning Star Packing Company, Liberty Packing Company, LLC, California Fruit & Tomato Kitchens, LLC, and The Morning Star Company (collectively, "Plaintiffs") and defendants SK Foods, L.P. ("SK") and Scott Salyer ("Salyer") (collectively, "Defendants"), by and through their counsel of record, hereby submit the following Stipulation and Proposed Order to continue the hearing on SK's and Salyer's motion to dismiss. Defendants Randall Rahal and Intramark USA, Inc. (collectively "Rahal") and the Intervener the United States of America ("Government") consent to this stipulation.

WHEREAS, Plaintiffs filed a Complaint in the above-captioned case on January 22, 2009;

WHEREAS, SK filed a motion to dismiss Plaintiffs' complaint on April 8, 2009, which is set for hearing on June 25, 2009;

WHEREAS, Salyer filed a joinder in SK's motion to dismiss on April 8, 2009;

WHEREAS, on April 14, 2009, this Court entered an order regarding an extension of time for defendants Randall Rahal and Intramark USA, Inc. to respond to the complaint up to and including ten (10) days following the Court's ruling on SK's and Salyer's pending motion to dismiss or, if appropriate, within the timeframe permitted by the Federal Rules of Civil Procedure responding to an amended complaint, should an amended complaint be filed by Plaintiffs. That order shall remain in effect and shall apply to the continued hearing date;

WHEREAS, on April 28, 2009, the parties to this litigation lodged a Stipulation and [Proposed] Order Regarding Modification of the Order Requiring Joint Status Report requesting a modification to the scheduling order such that the Joint Status Report would be due no later than 30 days following either the denial of the Government's motion to intervene or, if the motion to intervene was granted, the resolution of the anticipated motion by the Government to stay or otherwise limit discovery in this matter. The Court has not yet acted upon that stipulation

and there has been no resolution of the discovery issues;

WHEREAS, the Court granted the United States' motion to intervene on May 5, 2009;

WHEREAS, an involuntary bankruptcy proceeding was filed against SK on May 5, 2009 (United States Bankruptcy Court, Eastern District of California Case No. 09-28956-D-11).  SK filed a voluntary bankruptcy petition on May 7, 2009 (United States Bankruptcy Court, Eastern District of California Case No. 09-29162-D-11).  Notice of the automatic stay was filed in this Court on May, 11, 2009;

WHEREAS, on May 18, 2009, the Bankruptcy Court approved the appointment of Bradley D. Sharp as Chapter 11 Trustee for SK.  Any reference herein to SK after May 18, 2009 is a reference to the Chapter 11 Trustee;

WHEREAS, prior to the bankruptcy filing, the Government initiated meet-and-confer conferences with counsel for Plaintiffs and counsel for defendants (except Salyer) regarding a proposed stipulation regarding a limited stay of discovery.  However, counsel for Salyer was inadvertently omitted from the conference calls and did not participate.  There have been no further discussions concerning a limited stay of discovery in light of the bankruptcy's automatic stay;

WHEREAS, the automatic stay impacts Plaintiffs' ability to fully respond to the motion to dismiss, including the possibility of filing an amended complaint in lieu of an opposition.  Counsel for Plaintiffs, SK and Salyer have discussed this situation and agree that, at this time, it is appropriate to continue the hearing date on the motion to dismiss for 90 days to allow the bankruptcy trustee to get fully apprised of all issues related to the bankruptcy, including pending litigation, and for Plaintiffs to seek any necessarily relief from the bankruptcy court necessary to respond to the motion to dismiss;

WHEREAS, counsel for Plaintiffs, SK, Salyer, Rahal, and the Government have agreed that, during the 90-day continuance of the hearing date, no party will initiate discovery.  This stipulation addresses the Government's concerns and

avoids any unnecessary motions by the Government to attempt to address this issue at this time.

THEREFORE, Plaintiffs, SK, Salyer, Rahal, and the Government, by and through their counsel of record, hereby stipulate as follows:

1. The hearing on SK's and Salyer's motion to dismiss currently set for June 25, 2009, is continued to September 24, 2009. Plaintiffs' opposition or other response to the pending motion shall be filed in accordance with the Federal Rules of Civil Procedure;

2. All discovery in this action shall be stayed until September 24, 2009, or until the Court rules on the motion to dismiss, whichever is later; and

3. The Joint Status Report in this matter will be due no later than thirty (30) days following the resolution of the Government's request to stay or otherwise limit discovery, either by stipulation or by motion.

IT IS SO STIPULATED.

Dated: June 9, 2009         WEINTRAUB GENSHLEA CHEDIAK
                            Law Corporation


                            By:      /s/ - Dale C. Campbell
                                Dale C. Campbell
                                Attorneys for Plaintiffs
                                The Morning Star Packing Company,
                                Liberty Packing Company, LLC,
California
                                Fruit & Tomato Kitchens, LLC, and
                                The Morning Star Company

Dated: June 9, 2009         SCHNADER HARRISON SEGAL & LEWIS LLP


                            By:      /s/ - Gregory C. Nuti
                                Gregory C. Nuti
                                Attorneys for Bradley Sharp,
                                Chapter 11 Trustee for Defendant/Debtor
                                SK Foods, L.P.

{1124241.DOC;}    4    Revised Stip. and [Proposed] Order Continuing Hrg. Date re SK's and Salyer's Motion to Dismiss

| | | |
|---|---|---|
| 1 | Dated: June 9, 2009 | SEGAL & KIRBY LLP |
| 2 | | |
| 3 | | By: /s/ - Malcolm S. Segal |
| | | Malcolm S. Segal |
| 4 | | Attorneys for Defendant Scott Salyer |
| 5 | Dated: June 9, 2009 | WALDER HAYDEN & BROGAN, P.A. |
| 6 | | By: /s/ - Christopher D. Adams |
| 7 | | Christopher D. Adams (*pro hac vice*) |
| 8 | | Attorneys for Defendants Randall Rahal and |
| 9 | | Intramark, USA, Inc. |

11  DATED: June 11, 2009

[signature]

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dated: June 9, 2009 | UNITED STATES |
| | By: /s/ - Lawrence G. Brown |
| |     Lawrence G. Brown |
| |       Acting United States Attorney |
| |     Benjamin B. Wagner |
| |     Sean C. Flynn |
| |       Assistant U. S. Attorneys |
| |     Barbara Nelson |
| |     Richard Cohen |
| |     Lara Kroop |
| |       Trial Attorneys |
| |       United States Department of Justice |
| |       Antitrust Division |

## ORDER

IT IS SO ORDERED.