UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

THE MORNING STAR PACKING COMPANY, et al.,

        Plaintiff,

  v.

SK FOODS, L.P., et al.,

        Defendants.

CASE NO. 2:09-cv-00208-KJM-EFB

**STIPULATED PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. General Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference.

2. **DEFINITIONS.**

2.1 <u>Party</u>: any party to this action including all of its officers, directors, and employees.

/////

/////

2.2 <u>Tomatoes Actions</u>: refers collectively to (1) *Morning Star Packing Company, et al. v. SK Foods, L.P., et al*, No. 09-cv-00208-KJM-EFB (E.D. Cal.), (2) *L'Ottavo Ristorante, et al. v. Ingomar Packing Company, et al.*, No. 09-cv-01945-KJM-EFB (E.D. Cal.), and (3) *United States v. Salyer*, No. 10-cr-00061-LKK-DAD (E.D. Cal.).

2.3 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4 <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.5 <u>Highly Confidential Information or Items</u>: extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

2.6 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.9 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.10 <u>Outside Counsel</u>: attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 <u>In House Legal Personnel</u>: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

/////

/////

2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.13 <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve solely as an expert witness or as a consultant in the Tomatoes Actions and not for any other purpose, and who is not currently an employee of or consultant to a Party, its Counsel or a competitor of a Party, nor has been an employee of or consultant to a Party, its Counsel or a competitor of a Party within four years of the date of entry of this Order, and who, at the time of retention, is not anticipated to become an employee of or consultant to a Party, its Counsel or a competitor of a Party except to serve as an expert witness or consultant in the Tomatoes Actions. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.

4. **DURATION.**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

5. **DESIGNATING PROTECTED MATERIAL.**

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order *(see, e.g.,* section 5.1(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1  Notwithstanding the preceding sentence, should a Producing Party discover that it produced material
2  that was not designated as Protected Material or that it produced material that was designated as
3  Protected Material but had designated that Protected Material in the incorrect category of Protected
4  Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates
5  number or other individually identifiable information) the affected documents and their new
6  designation or re-designation.  Thereafter, the material so designated or re-designated will be treated
7  as Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-
8  labeled copies of the material to each Receiving Party reflecting the change in designation.  The
9  Receiving Party will replace the incorrectly designated material with the newly designated materials
10  and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a) _for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)_, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material.

(b) _for testimony given in deposition_, that a Party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before the deposition is concluded, or in writing on or before the later of (i) fourteen days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Stipulated Protective Order.  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

/////

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

    (c) <u>for information produced in electronic or video format, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

  5.2 <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is re-designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  5.3 <u>Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties</u>.  A Party may increase the designation (*i.e.,* change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information.  Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation.

  Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated

1  material with the newly designated materials and will destroy the incorrectly designated materials.

2  Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to

3  the procedures set forth in paragraph 6 regarding challenging designations.  The upward Designating

4  Party shall bear the burden of establishing the basis for the increased designation.

5         6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6         6.1    <u>Timing of Challenges</u>.  A Party does not waive its right to challenge a confidentiality

7  designation by electing not to mount a challenge promptly after the original designation is disclosed.

8         6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's

9  confidentiality designation must do so in good faith and must begin the process by notifying the

10  Designating Party in writing, by telephone or in person of its challenge and identify the challenged

11  material, then conferring directly in voice to voice dialogue (other forms of communication are not

12  sufficient) with counsel for the Designating Party.  The Parties must then meet and confer in good

13  faith.  Each Party must explain the basis for its respective position about the propriety of the

14  challenged confidentiality designations.  The parties shall have fourteen (14) days from the initial

15  notification of a challenge to complete this meet and confer process.

16         6.3    <u>Judicial Intervention</u>.  In any judicial proceeding challenging a confidentiality

17  designation, the burden of persuasion with respect to the propriety of the confidentiality designation

18  shall remain upon the Designating Party.  If the parties are not able to resolve a dispute about a

19  confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within

20  fourteen (14) days thereafter, prepare and present to the Court (or Special Master if one has been

21  appointed) a joint filing that identifies the challenged material and sets forth the respective positions

22  of the parties about the propriety of the challenged confidentiality designations.  Until the ruling on

23  the dispute becomes final, all Receiving Parties shall continue to afford the material in question the

24  level of protection to which it is entitled under the Designating Party's designation.  In the event that

25  the final ruling is that the challenged material is not confidential or that its designation should be

26  changed the Designating Party shall reproduce copies of all materials with their designations removed

27  or changed in accordance with the ruling within thirty (30) days at the expense of the Designating

28  Party.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Parties, including any current or former officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c) Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(d) the Court and its personnel;

(e) stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f) the author, addressees, or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a

result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

(g) witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A); provided that, Confidential Information may be disclosed to a witness during their deposition, but only if they have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose, or have been ordered to do so; and provided further that, pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

(i) any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

8

    (b) Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

    (c) the Court and its personnel;

    (d) stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e) the author, addressees or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

    (f) participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

    (g) any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Highly Confidential Information.

  7.4 <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action including any appeals, and shall make them available to other Parties upon good cause shown.

  7.5 <u>Retention of Protected Material</u>.  Persons who have been shown Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not retain copies of such Protected Material.

/////

/////

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

/////

10. **FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with General Local Rule 141.

11. **FINAL DISPOSITION.**

11.1 Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must either destroy all Protected Material (except the material described in section 11.2. below) or return it to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day (30) deadline that: (i) identifies (by category, where appropriate) all the Protected Material that was returned and all the Protected Material that was destroyed; and (ii) affirms that, except for the material described in section 11.2. below, the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

11.2 Nothing in this Order requires, and this Order shall not be construed to require, any Counsel to produce, return or destroy their own attorney work product, or the work product of their co-counsel. Following the final termination of this action Counsel shall be entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **INADVERTENTLY PRODUCED DOCUMENTS.**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client

1 privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure,
2 or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be
3 deemed a waiver of the applicable privilege or protection.  The Receiving Party shall immediately
4 return all copies of such documents, testimony, information and/or things to the inadvertently
5 producing Party and shall not use such items for any purpose until further order of the Court.  In all
6 events, such return must occur within three (3) business days of receipt of notice or discovery of the
7 inadvertent production.  The return of any discovery item to the inadvertently producing Party shall
8 not in any way preclude the Receiving Party from moving the Court for a ruling that the document or
9 thing was never privileged.

### 13. ATTORNEY RENDERING ADVICE

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 14. HEARINGS AND TRIAL

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument in court (e.g., during hearings, status conferences, and trial).  The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 15. MISCELLANEOUS.

15.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED.**

DATED: October 9, 2013                By:    /s/ James Kachmar
                                      Dale C. Campbell
                                      James Kachmar
                                      WEINTRAUB TOBIN CHEDIAK COLEMAN
                                      GRODIN LAW CORPORATION
                                      400 Capitol Mall, 11th Floor
                                      Sacramento, CA 95814
                                      Telephone: (916) 558-6000
                                      Facsimile: (916) 446-1611
                                      dcampbell@weintraub.com
                                      jkachmar@weintraub.com

*Attorneys for Plaintiffs The Morning Star Packing Company, Liberty Packing Company, LLC, California Fruit & Tomato Kitchens, LLC, and The Morning Star Company*

DATED: October 9, 2013                By:   /s/ Stephen Zovickian
                                      Stephen Zovickian
                                      BINGHAM MCCUTCHEN, LLP
                                      Three Embarcadero Center
                                      San Francisco, CA 94111-4067
                                      Telephone: (415) 393-2000
                                      Facsimile: (415) 393-2286
                                      Stephen.zovickian@bingham.com

*Attorneys for Defendant Ingomar Packing Company*

DATED: October 18, 2013               By:   /s/George A. Nicoud III
                                      George A. Nicoud III
                                      GIBSON DUNN & CRUTCHER, LLP
                                      555 Mission Street, Suite 3000
                                      San Francisco, CA 94105-2933
                                      Telephone: (415) 393-8200
                                      Facsimile: (415) 393-8306
                                      tnicoud@gibsondunn.com

*Attorneys for Defendant Los Gatos Tomato Products*

DATED:  October 18, 2013					By:_____/s/Miles Ehrlich_____
							Miles Ehrlich
							RAMSEY & EHRLICH LLP
							803 Hearst Avenue
							Berkeley, CA  94710
							Telephone:  (510) 548-3600
							Facsimile:  (510) 291-3060
							miles@ramsey-ehrlich.com

							*Attorneys for Defendant Greg Pruett*


DATED:  October 18, 2013					By:_____/s/William Farmer_____
							William Farmer
							COLLETTE ERICKSON FARMER &
							O'NEILL LLP
							235 Pine Street, Suite 1300
							San Francisco, CA  94104
							Telephone:  (415) 788-4646
							Facsimile:  (415) 788-6929
							wfarmer@collette.com

							*Attorneys for Defendant Stuart Woolf*


DATED:  October 18, 2013					By:_____/s/James P. Mayo_____
							James P. Mayo
							SEGAL & KIRBY LLP
							770 L. Street, Suite 1440
							Sacramento, CA  95814-3396
							Telephone:  (916) 446-0828
							Facsimile:  (916) 446-6003
							jmayo@segalandkirby.com

							*Attorneys for Defendant Scott Salyer*


**IT IS SO ORDERED**.

DATED:  October 23, 2013.			_____
							EDMUND F. BRENNAN
							UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California, Sacramento Division, in the case of *The Morning Star Packing Company, et al. v. SK Foods, et al.,* Case No. 2:09-cv-00208-KJM-EFB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____