UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MORNING STAR PACKING COMPANY, et al., | No. 2:09-cv-208-KJM-EFB |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S.K. FOODS, L.P., et al., | |
| Defendants. | |

On November 19, 2014, this matter was before the court for further hearing on plaintiffs' motion to compel (1) defendant Scott Salyer to respond to plaintiffs' request for production of documents and (2) Segal & Associates, counsel for defendant Salyer, to comply with a subpoena.[1] ECF No. 198. Attorney James Kachmar appeared on behalf of plaintiffs; attorney Malcom Segal appeared on behalf of defendant Salyer and Segal & Associates. Attorney Charles Jaeger appeared on behalf of defendants Los Gatos Tomato Products and Stuart Woolf.

The request for production of documents served on defendant Salyer and the subpoena served on Segal & Associates seek the same information; documents exchanged by Salyer and the

---

[1] Also before the court for further hearing was plaintiffs' motion to allow additional depositions. ECF No. 207. That motion is denied as moot in a separate ordered filed concurrently with these findings and recommendations.

government during the course of the criminal case *United States v. Frederick Scott Salyer*, 2:10-cr-00061-TLN.  One of defendant Salyer and Segal & Associates' primary objections to complying with plaintiffs' discovery requests is that producing the documents would impose an unreasonable burden and that the documents sought could more easily be obtained from the government.  After hearing arguments on the motions, the court continued the matter to December 3, 2014, for further hearing and requested the amicus participation of the government.  *See* ECF No. 215.  At the December 3, 2014 hearing, counsel noted above appeared in addition to Assistant U.S Attorney Matthew Segal and Trial Attorney, U.S. Department of Justice, Antitrust Division, Belinda Barnett who appeared on behalf of the government, a non-party to this civil action.

      The government indicated at the December 3 hearing that it is amendable to conducting a search of its files in the criminal action against defendant Salyer to determine what documents it possesses that would be responsive to plaintiffs' discovery requests.  However, it requested that the court provide it with an opportunity to brief whether there would be any legal impediments to disclosing any documents.  The government also represented that it is amendable to meeting and conferring with plaintiffs' counsel regarding the possibility of a stipulation for a disclosure order authorizing disclosure of documents pursuant to Federal Rule of Criminal Procedure 6(e) to the extent there are any responsive documents that constitute grand jury materials.  Additionally, counsel indicated that they will confer as to the need, if any, for a protective order as to the parties' use of the documents in this civil action.

      However, the government explained that conducting the search of its records and drafting a brief regarding disclosure of responsive documents would take several weeks, taking account of the impending holidays and the review necessary.  Given the willingness of the government, a non-party to the instant action, to assist the parties and the court in the resolution of the instant motion, the court finds it necessary to provide the government until the end of January 2015 to conduct a search of its records and submit a brief in this action addressing any legal impediments concerning the disclosure of documents in the government's possession that are responsive to plaintiffs' discovery requests.

However, the deadline to complete all non-expert discovery is currently December 8, 2014, and the deadline to hear discovery disputes is currently January 16, 2015. ECF No. 181 at 2. Thus, allowing the government to file its amicus brief on January 30, 2015, will exceed the deadline set in this case. Therefore, the undersigned recommends that the discovery dispute deadline be extended to February 11, 2015, for the limited purpose of resolving plaintiffs' motion to compel.

Accordingly, it is hereby RECOMMENDED that:

1. The June 21, 2013, Status (Pretrial Scheduling) Order (ECF No. 148) be modified, and the above noted discovery deadlines be extended to February 11, 2015 for the limited purpose of resolving plaintiffs' October 28, 2014 motion to compel.

2. The government be provided until January 30, 2015, to submit an amicus brief addressing any legal impediments to disclosing any documents in its possession that are responsive to plaintiffs' discovery requests.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3