UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MORNING STAR PACKING COMPANY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>S.K. FOODS, L.P., et al.,<br><br>　　　　Defendants. | No.  2:09-cv-208-KJM-EFB<br><br><br>ORDER |

This matter was before the court on November 19, 2014, for hearing on motions by the plaintiffs, The Morning Star Packing Company, Liberty Packing Company, LLC, California Fruit and Tomato Kitchens, LLC, and The Morning Star Company's (hereafter "plaintiffs"), to compel production of documents by defendant Salyer and to compel compliance with a subpoena served on Salyer's criminal defense counsel, Malcolm Segal & Associates.  ECF No. 198.  Both the document request and the subpoena sought copies of discovery documents that were exchanged between Salyer and the United States during the pendency of the criminal action *United States v. Frederick Scott Salyer*, 2:10-cr-00061-TLN.  Appearing at that hearing were James Kachmar on behalf of plaintiffs, Malcolm Segal on behalf of defendant Salyer and of Segal & Associates, Charles Jaeger on behalf of defendants Stuart Woolf and Los Gatos Tomato Products.

1    Defendant Salyer and Segal & Associates objected to the discovery request arguing
2 privilege, that the requested documents were the subject of a protective order in the criminal
3 action, and that responding to the requests presents an unreasonable burden.  As to burden, they
4 argued that the documents sought could more easily be obtained from the government and noted
5 that plaintiffs could have but failed to seek a disclosure order for grand jury materials pursuant to
6 Rule 6 (e), Federal Rules of Criminal Procedure.  Because it was unclear whether the documents
7 could be easily produced by the government, and whether the government would oppose any such
8 production, the court continued the matter to December 3, 2014, for further hearing and requested
9 the amicus participation of the government.  *See* ECF No. 215.

10    In addition to the appearances at the December 3 hearing by the counsel listed above,
11 Assistant U.S. Attorney Matthew Segal and Trial Attorney, U.S. Department of Justice, Antitrust
12 Division, Belinda Barnett, appeared on behalf of the United States as an amicus.  The court
13 inquired of the government whether there were any legal impediments to it producing the
14 documents exchanged in the criminal case, and what burdens would be imposed on the
15 government to produce such evidence.  The government indicated the amount of such material is
16 massive, that it was amenable to conducting a search of its files in the criminal action against
17 defendant Salyer to determine the volume and character of the documents it possesses which
18 would be responsive to plaintiffs' discovery requests, but given the massive amount of such
19 documents the government would need time to complete the task.  The government also requested
20 an opportunity to brief whether there are legal impediments to it producing the documents.  The
21 government represented that it was amenable to meeting and conferring with plaintiffs' counsel
22 regarding the possibility of a stipulation for a disclosure order under Federal Rule of Criminal
23 Procedure 6(e), to the extent there are any responsive documents that constitute grand jury
24 materials.  Additionally, counsel indicated that they would confer as to the need, if any, for a
25 protective order as to the parties' use of the documents in this civil action.  The government
26 requested until the end of January 2015 to submit an amicus brief addressing both questions
27 presented by the court.  To accommodate the schedule and the need to resolve the underlying
28 /////

discovery issues as to the requested documents, the court extended the discovery deadline to February 11, 2015. ECF Nos. 218 at 3; 220 at 2.

The court also noted at the December 3 hearing that plaintiffs had filed in this action, rather than the criminal case, a petition for a disclosure order under Rule 6(e) (ECF No. 213) and questioned whether it was properly filed in this action or should have been filed in the criminal case.[1] Hearing on the Rule 6(e) petition was originally noticed for January 7, 2015, but continued to February 4, 1015. The petition argues that "Rule 6(e) does not apply to the accused or counsel for the accused" and if it does apply here the need for disclosure outweighs the need for continued secrecy." ECF No. 213-1 at 3-4. Regardless of the theory for the petition, at bottom lies a request by plaintiffs for an order that documents the prosecution shared with the defendant Salyer and his counsel in the criminal case be produced to plaintiffs in this civil action. *Id.* at 8. Thus, the remedy sought in plaintiffs' Rule 6(e) petition is subject to the same analysis discussed below.

The government submitted its amicus brief on January 30, 2015 (ECF No. 237) and the court held a further hearing on the plaintiffs' motions to compel and Criminal Rule 6(e) petition on February 4, 2015. Appearing at that hearing were James Kachmar, Esq., on behalf of plaintiffs, Malcom Segal, Esq., on behalf of defendant Salyer and Segal & Associates, Charles Jaeger, Esq., on behalf of defendant Los Gatos Tomato Produce ("Los Gatos"), and Stephen Zovichian, Esq. on behalf of Ingomar Packing Company. Assistant U.S. Attorney Matthew Segal appeared on behalf of amicus the United States.

As discussed at the February 4 hearing, the amicus brief addresses Department of Justice *Touhy*[2] regulations which prohibit the Department from producing the responsive documents absent compliance with the procedural requirements of those regulations.[3] Here, plaintiffs

---

[1] Counsel for amicus, the United States, expressed the view that a motion for an order directing the United States to produce information is not properly filed in an action to which the United States is not a party.

[2] *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 468 (1951); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999).

[3] A federal agency's *Touhy* regulations, which govern requests for evidence or testimony from that agency for use in matters to which the federal government is not a party, are authorized

3

1  conceded at the hearing that they have not submitted to the Department of Justice a *Touhy* request
2  for production in compliance with the Department's regulations. *Id*. at 7-9. Further, as discussed
3  at the hearing, if such a request were properly presented, the Department would then evaluate
4  whether to deny the request taking account the articulated specific need for the evidence, the
5  volume of documents and what the government views as the cumulative nature of the evidence in
6  light of the evidence already publicly available to plaintiffs. That process would also involve a
7  need to determine whether materials protected by the Privacy Act or other sensitive or privileged
8  materials must be redacted, and what burden that task would impose on the government.
9  Ultimately, any decision by the Department to deny the request would be subject to judicial
10 review in a civil action under the Administrative Procedures Act, 5 U.S.C. § 706(2). However, as
11 noted, the fundamental threshold for commencing that process, a request pursuant to the
12 regulations, has not been crossed.
13      Although plaintiffs have not satisfied the requirements under 28 C.F.R. §§ 16.21 – 16.28
14 for requesting documents from the Department of Justice, the government's amicus brief
15 indicates that the Department no longer needs ready access to the documents that were seized
16 from defendant SK Foods. ECF No. 237 at 14-15. Thus, the government represents that "[i]n the
17 interest of assisting in resolving this [discovery] dispute and of expediting lawful disposition of
18 evidence in the criminal case, DOJ is also willing to return all materials seized from SK Foods to
19 their lawful possessor, the Trustee." *Id.* at 15. It notes that the Trustee has authorized plaintiffs'
20 counsel in this action to take possession of those materials.[4] The amicus brief further notes that

---

by 5 U.S.C. § 301 and "have the force and effect of federal law." *Boron Oil v. Downie,* 873 F.2d 67, 71 (4th Cir. 1989) (citing *Chrysler Corp. v. Brown,* 441 U.S. 281, 295096 (1979)).

[4] Counsel for defendants noted their objection to this "arrangement" and characterized it both as somehow providing an improper preference to these plaintiffs in access to evidence over that of other creditors. To the contrary, the return of the seized materials to the successor in interest to SK Foods is mandatory once the Department of Justice no longer has a need for the seized evidence. Fed. R. Civ. P. 41(g); *see United States v. Gladding,* __ F.3d__ , 20014 WL 7399113 (9th Cir. 2014). To the extent the Trustee may have obligations to other creditors to provide access to the returned evidence, the issue is not before the court. However, plaintiffs did agree to an order that they maintain an index or other record keeping of what documents/materials are produced to them, and plaintiffs are so ordered. Plaintiffs further agreed to make those documents/materials available to defense counsel for inspection and/or copying and they are

with this return of the seized documents, plaintiffs herein have offered to limit their request to (1) corporate notebooks and journals compiled by executives of SK Foods, (2) a matrix used by SK Foods showing sales volumes by tomato paste manufacturers, and (3) consensual recordings (and associated transcripts) of meetings made by a co-defendant in the criminal case. Plaintiffs' counsel confirmed at the hearing that plaintiffs are so narrowing their request and further confirmed that the return of the documents will satisfy plaintiffs' need for the first category. Plaintiffs' counsel also confirmed that the request as to the second category is moot. However, plaintiff's counsel indicated that there is still an issue as to the third category, the consensual recordings and associated transcripts.

As explained in the government's amicus brief, the recordings are not documents seized from SK Foods. They were made at the direction of the FBI and are the property of the Department of Justice, not SK Foods. Thus, they fall squarely under the Department's *Touhy* regulations. In light of the absence of any *Touhy* request pursuant to those regulations, let alone a final agency decision on the matter, any potential review under the APA is simply not ripe. Further, the regulations prohibit the Department from producing the evidence absent compliance with those regulations. 28 C.F.R. §§ 16.21(a), 16.22(a). Accordingly, the Department cannot be compelled to produce them to plaintiffs on the record currently before the court. *Mak v. Federal Bureau of Investigations,* 252 F.2d 1089, 1093 (9th Cir. 2001). Thus, to the extent plaintiff's petition for a disclosure order under Rule 6(e), Fed. R. Crim. P. seeks such an order it must be denied.[5]

The motions to compel defendant Salyer to produce materials shared in the criminal case and to enforce a subpoena directed his counsel, Segal & Associates, for any such evidence, meets a similar fate. Those motions, although now partly moot given the impeding return of the seized documents to the Trustee for the SK Foods Liquidating Trust, must be denied. As noted, the

---

directed to do so.

[5] That denial is without prejudice to any subsequent balancing of the relative need for production against any continuing need for secrecy of grand jury materials that may occur in the event a proper request under the *Touhy* regulations and, if necessary, APA review is ever pursued.

corporate notebooks and journals will soon be returned and the Trustee is making them available to plaintiffs.  The issue as to the matrix is now moot.  The remaining category (consensual recordings) was not the property of SK Foods nor is it the property of its successor.  Further, as counsel for Salyer and Segal & Associates, Malcolm Segal initially argued in opposition to the motion, any copies of these recording or transcripts that they currently possess are subject to the protective order entered in the criminal case.  That order expressly provides at paragraph 7 that Mr. Salyer "shall *not be given control* of the Protected Material or any copies thereof . . . ."  *United States v. Frederick Scott Salyer*, 2:10-cr-00061-TLN, ECF No. 69 at 3[6] (emphasis added).  It further provides at paragraph 8 that within twenty days of the conclusion of the criminal case and any ancillary proceedings Mr. Salyer and his counsel must destroy all copies of the materials.  *Id.*  Thus, the protective order confirms that the materials are under the control of the government, not Mr. Salyer and Segal & Associates.  Further, as noted in the amicus brief, access by plaintiffs to the materials subject to the control of the Department of Justice are governed by the Department's *Touhy* regulations and cannot be produced absent compliance with those regulations.  There has been no compliance with those regulations and therefore no determination by the Department of Justice to authorize release of the materials and therefor Mr. Salyer and Segal & Associates cannot produce them to the plaintiffs.  Accordingly, plaintiffs' motions to compel production of documents and to compel compliance with the subpoena must be denied.

Further, counsel for Ingomar and Wolf, who did not appear at either the November 19, or December 3, 2014 hearings, argued at the February 4, 2015 hearing that the plaintiffs gaining access to the documents being returned by the United States to the Trustee is an end run around the district judge's scheduling order.  As noted at the hearing, the discovery deadline was extended for the purpose of resolving the pending motions.  That the court sought the amicus participation of the United States to address the question of access to evidence it possessed or controlled, and that that participation resulted in a meet and confer process that produced the accommodation reached between the government, the SK Foods Liquidating Trust and the

---

[6] A copy of that Protective Order was filed in this action at ECF No. 237 at 19-25 of 45.

plaintiffs which narrowed the discovery request and rendered moot two of the three categories of materials sought, in no way contravenes the scheduling order.

Finally, plaintiffs indicated that they will be requesting a further extension of the discovery deadline in light of the massive volume of materials that are being returned to the Trustee for the SK Foods Liquidating Trust by way or producing them to plaintiffs. Defendants Ingomar, Wolf, Los Gatos, and Salyer noted their objections to any extension of time. As stated at the hearing, the discovery deadline was set in an order entered by Judge Mueller and any request to modify the current schedule must be directed to Judge Mueller.

Accordingly, for the reasons stated above it is hereby order that:

1. Plaintiffs' motion to compel production of documents by defendant Salyer and to compel compliance with the subpoena served on Salyer's criminal defense counsel, Malcolm Segal & Associates, ECF No. 198, is denied.

2. Plaintiffs' petition for an order for disclosure of grand jury materials pursuant to Rule 6 (e), Federal Rules of Criminal Procedure, ECF No. 213, is denied.

3. In light of the agreement between plaintiffs, the Trustee for the SK Foods Liquidating Trust SK Foods and the United States and for the reasons stated on the record at the hearing, plaintiffs shall be responsible for keeping a record of what documents are received from SK Foods Liquidating Trust. Plaintiffs shall also make all documents produced by SK Foods Liquidating Trust available to defendants for inspection and copying.

SO ORDERED.

DATED: February 5, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE