UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MORNING STAR PACKING COMPANY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SK FOODS, L.P, et al.,<br><br>        Defendants. | No.: 2:09-cv-00208-KJM-EFB<br><br>ORDER |

This matter is before the court on plaintiffs' request to seal 43 documents (319 pages) they wish to file in support of plaintiffs' opposition to summary judgment. ECF No. 267-1. Defendants have filed neither an opposition nor a notice of non-opposition. As explained below, the court DENIES plaintiffs' request.

I.     DISCUSSION

Plaintiffs request that the court file the following documents under seal: (1) emails containing purportedly confidential proprietary information; (2) deposition excerpts; (3) a declaration from Chris Rufer, President of the Morning Star Company; (4) a bidding page; (5) legal correspondence; (6) an affidavit; (7) correspondence from the United States Department of Commerce; (8) a spreadsheet of Los Gatos "totals"; and (9) the report of plaintiffs' expert, Charles R. Mahla. ECF No. 267-1 at 2. Plaintiffs contend the documents "contain highly

confidential financial and trade secret information, including information relating to pricing, customers, and internal communications of business operations of major tomato paste manufacturers." *Id*. at 2-3. The parties stipulated to and the magistrate approved a discovery protective order, which the court has approved. ECF No. 158. Such an order does not on its own justify sealing of documents it covers, and the protective order here does not predetermine the issue now before the court.

A. Standard

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b). "[A] party may submit an opposition . . . within three days of the date of service . . . ." *Id.* 141(c). "The opposition shall not be filed . . . ." *Id.*

It is an established principle that there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id.* at 1180.

To seal documents filed in connection with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* That is, the party requesting sealing "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id.* at 1178-79 (internal citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

/////

2

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id.* at 1180. This is because the public's interest in non-dispositive materials is weaker than its interest in dispositive materials. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result . . ." if the request to seal is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

B.   Analysis

Here, because the documents plaintiffs seek to seal are offered in connection with a motion for summary judgment, the court applies the compelling reasons standard. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting "summary judgment adjudicates substantive rights and serves as a substitute for trial" (internal quotation marks omitted)). In support of their request, plaintiffs note the existence of the protective order and contend the "records at issue . . . primarily consist of the litigants' confidential and proprietary business information." ECF No. 267-1 at 2. Plaintiffs have submitted each document, an index of the documents, and a brief description of each document for *in camera* review but have provided no further justification for sealing. They say simply: "The documents included with this request contain highly confidential financial and trade secret information, including information relating to pricing, customers, and internal communications of business operations of major tomato paste manufacturers." *Id.* at 3. Attached to the request is a sworn declaration from counsel James Kachmar repeating the conclusory statement that the documents "contain highly confidential financial and trade secret information . . . ." ECF No. 267-2 at 2. In addition, plaintiffs provide an order granting sealing of the same or similar documents in a related criminal case, Case No. 2:10-cr-0061-LKK-DAD, issued by a different judge of this court. ECF No. 267-2. The court there granted the request based on the less stringent "good cause" standard. *Id.* at 6.

"[C]onclusory arguments" and "blanket" assertions that documents are "confidential and proprietary" are insufficient to overcome the presumption against sealing. *Kamakana*, 447 F.3d at 1182 (holding "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents); *Ingram v. Pac. Gas & Elec. Co.*, 2013 U.S. Dist. LEXIS 136887, 9–10 (N.D. Cal. Sept. 24, 2013) (citing *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. 12–cv–3856, 2013 U.S. Dist. LEXIS 32593, 2013 WL 897914, at *2 (N.D. Cal. Mar. 8, 2013)). Plaintiffs do not point to any authority to support their assertion that the information contained in the more than 300 pages of documents is confidential or qualifies as a trade secret.[1] Nor do plaintiffs show their request is limited to documents containing confidential information; for example, one document contains an email chain with planning logistics for a lunch meeting. Another document is Mr. Mahla's curriculum vitae. Much of Mr. Mahla's declaration contains information accessible on the parties' corporate web pages, in public news articles, or in publicly filed documents. In reviewing the documents, the court finds plaintiffs are improperly requesting sealing of broad swaths of non-confidential information without justification. *See Cowan v. GE Capital Retail Bank*, No. 13-CV-03935, 2015 WL 1324848, at *2 (N.D. Cal. Mar. 24, 2015) (denying request to seal "[b]ecause Plaintiff offers no compelling reasons in support of sealing, and because sealing the entirety of each of these exhibits is not narrowly tailored to sealing only the sealable information"). Accordingly, plaintiffs have not met their burden to show compelling reasons for sealing. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV-09-1531, 2012 WL 1432519, at *6 (D. Ariz. Apr. 25, 2012) (denying a request to seal purportedly "extremely sensitive confidential business information[,]" including pricing information). The request is denied.

II. CONCLUSION

The Clerk of the Court "will return to the submitting party the documents for which sealing has been denied," L.R. 141(e)(1), and any electronically transmitted documents are

---

[1] A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. B).

deemed returned, *United States v. Chanthaboury*, No. 2:12–cr–00188–GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013).  Because plaintiffs filed redacted versions of the documents covered by their request with their opposition papers and request to seal, plaintiffs are directed to file unredacted versions within seven days of this order.  Alternately, if plaintiffs wish to withdraw their reliance on the redacted portions of those filings, they may file documents omitting those portions within seven days.

    IT IS SO ORDERED.

DATED: July 9, 2015.

_____
UNITED STATES DISTRICT JUDGE